WILLIAM M. NARUS, CAB #243633
Acting United States Attorney
District of Oregon
**WILLIAM M. McLAREN, OSB #143836**
William.McLaren@usdoj.gov
Assistant United States Attorney
405 East 8th Avenue, Suite 2400
Eugene, Oregon 97401
Telephone: (541) 465-6771
Attorneys for United States of America

# UNITED STATES DISTRICT COURT

## DISTRICT OF OREGON

| | |
|---|---|
| **UNITED STATES OF AMERICA** | 6:24-cr-00261-MTK |
| v. | **GOVERNMENT'S SENTENCING MEMORANDUM** |
| **CHRISTOPHER LYN SPARKS,** | |
| **Defendant.** | Sentencing: April 9, 2025, at 11:00 a.m. |

Christopher L. Sparks committed child pornography offenses in 2006, 2013, 2022, and 2024. The 2006 and 2013 offenses led to convictions in this Court and prison sentences of 51 months and 132 months, respectively. The 2022 offense led to Mr. Sparks' probation being revoked and the imposition of a custodial sanction. Approximately one month following his release from that sanction, Mr. Sparks began engaging in a flurry of child pornography activity including advertising, trading, and distribution.

To account for his newest offenses and his choice to recidivate, and his choice to engage in new felony offenses while on federal supervision, the parties jointly recommend a 210-month sentence of imprisonment, the revocation of his current lifetime term of supervised release with a concurrent sanction in that matter, the imposition of a lifetime term of supervised release in this case, and a $200 special assessment.

I.   Background

The offense conduct is accurately set forth in paragraphs 16 through 24 of the Presentence Investigation Report (PSR), which is summarized below and incorporated herein.

A.   Initial Investigation

In May 2024, officers with the Portland Police Bureau alerted a special agent with Homeland Security Investigations (HSI) to a series of CyberTipline reports related to child sex abuse material ("CSAM"). The agent reviewed the reports and identified indicia that the activity was carried out by Mr. Sparks, who used poor masking methods to hide his activity. Among other things, Mr. Sparks used simple pseudonyms for the accounts flagged in the CyberTipline reports. Those accounts all had names associated with pedophilic interests. *See* PSR ¶ 17.

The CyberTipline reports came from Google, X (formerly Twitter), Tumblr, Facebook, Snapchat, Instagram, Telegram, and TikTok. *Id.* They variously reflected that Mr. Sparks had uploaded and posted CSAM using the various platforms' features—from tweeting to direct messaging offering trades. *Id.* at ¶¶ 18–20.

The agent contacted Mr. Sparks via Telegram in an undercover capacity and posing as another person interested in CSAM. The two discussed the sexual exploitation of children. PSR ¶ 21. Eventually, Mr. Sparks indicated to the agent that he was getting a new cell phone following his previous phone number being banned by Telegram. Mr. Sparks shared the new phone number with the agent, *id.*, who then subpoenaed the telephone number and found that it was subscribed to Mr. Sparks at a residence in Junction City Oregon. The agent reviewed Mr. Sparks outward-facing Telegram account information and bio, which included the offer "Hmu to trade CP!" and had a profile picture depicting child pornography. *Id.* ¶¶ 22–23.

The agent obtained a search warrant for Mr. Sparks' cellular device and geolocation information in June 2024. Investigators executed the warrant and located Mr. Spark's phone, which contained pornography. *Id.* ¶ 24. Mr. Sparks was arrested and detained by this Court

## II.     The Charges and Guideline Computations

On December 11, 2024, Mr. Sparks pleaded guilty to a two-count information charging him with distribution and possession of child pornography, in violation of 18 U.S.C. §§ 2252A(a)(2), (a)(5)(B), (b)(1) and (b)(2). Based on the applicable statutory recidivist enhancement,[1] the maximum sentence associated with the distribution offense is forty years' imprisonment, a minimum of fifteen years' imprisonment, a term of supervised release of five years to life, and a $250,000 fine. Each count carries a $100 fee assessment.

The parties have agreed to the following guidelines calculations:

| Guidelines | Amount |
| --- | --- |
| Base offense level – USSG § 2G2.2(a)(2) | 22 |
| Use of a computer – USSG § 2G2.2(b)(6) | +2 |
| Prepubescent minor – USSG § 2G2.2(b)(2) | +2 |
| CP included images of toddler – USSG § 2G2.2(b)(4) | +4 |
| Distribution not for pecuniary gain – USSG § 2G2.2(b)(3)(F) | +2 |
| Possession of 60 or more images – USSG § 2G2.2(b)(7)(D) | +5 |
| Acceptance of Responsibility – USSG § 3E1.1 | -3 |
| **Total Offense Level** | **34** |
| Criminal History | III (6 pts.) |
| **Resulting Guideline Range** | **188-235 months** |

---

[1] Mr. Sparks had previously been convicted of violating 18 U.S.C. § 2252A(a)(5)(B) and (b)(2) in District of Oregon case numbers 6:07-cr-60036-AA and 6: 13-cr-00228-MC. *See* Plea Agreement at ¶ 5; PSR ¶ 47–48.

The parties have agreed to jointly-recommend a 210-month sentence of imprisonment, which is several months over the midrange of the guidelines sentence.

Though restitution is mandatory in this case pursuant to 18 U.S.C § 2259(a), the National Center for Missing & Exploited Children has not identified known victims from the images and videos found in Mr. Sparks' possession or within the identified images Mr. Sparks distributed.

Finally, the parties have recommended that Mr. Sparks' supervised release in case number 6:13-cr-00228-MTK be revoked and any sentence imposed in that matter be issued concurrent to the 210-month sentence of imprisonment recommended in this case.

## III.   Argument

Mr. Sparks has already been sentenced twice in the District of Oregon for child pornography offenses. He was issued a 4-year term (2006) and then a 12-year term (2013). Mr. Sparks was afforded a rare opportunity at a second chance by way of compassionate release 8 years into the latter sentence (2021). Instead of stepping away from old habits and abiding by conditions of release, he picked up where he left off, leading to a revocation in June 2023 and Judge Aiken issuing a significant sanction of 11 months. The fact that the sanction was issued for a term of months instead of years was largely due to monitoring software unreliability—rendering the government unable to prove, beyond a reasonable doubt, that Mr. Sparks had in fact possessed child pornography. Still, the Court found clear and convincing evidence sufficient to indicate that Mr. Sparks had reengaged in child pornography activities and issued the supervised release sanction. All involved in 2023 saw the sanction, though still heavy, as Mr. Sparks narrowly dodging yet another conviction. Mr. Sparks was released approximately halfway through serving the full sanction, sometime in late 2023

Despite the Court's decision to take a chance on compassionate release, the near-charge in 2023, and the early release from the sanction that same year, Mr. Sparks did not elect to modify his behavior when he was released from the sanction in 2024. Instead of abiding by terms, he obtained a contraband device. Instead of simply downloading or possessing child pornography, he elected to run wild on most available social media platforms—this time taking it a step further and advertising and trading of child pornography.

Mr. Sparks' appears unwilling or, potentially, unable to control himself. His compulsion for this activity and obsession with child sex abuse material should be lamented, perhaps most of all by him. But it cannot be overlooked. Each image and video he has shared, advertised, or traded is a permanent artifact of suffering and abuse. Each image he collects or traffics in is the perpetuation of a child's victimization. Mr. Sparks' choices leave little left in this matter beyond the assignment of accountability.

The sentence Mr. Sparks receives should be commensurate with the breadth of his criminal activity and informed by his criminal history. The parties' jointly-recommended sentence of 210 months is sufficient but not greater than necessary to hold Mr. Sparks accountable.

## CONCLUSION

For the reasons set forth above, the parties jointly-recommend a sentence of 210 months' imprisonment, a lifetime term of supervised release, and a $200 fee assessment.

Dated: April 2, 2025

WILLIAM M. NARUS, CAB #243633
Acting United States Attorney

/s/ *William M. McLaren*
WILLIAM M. McLAREN
Assistant United States Attorney
